UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| AKC, INC., | ) | CASE NO. 5:13CV388 |
| | ) | |
| Plaintiff, | ) | MAGISTRATE JUDGE |
| | ) | GEORGE J. LIMBERT |
| v. | ) | |
| | ) | |
| SERVICEMASTER RESIDENTIAL/ | ) | <u>MEMORANDUM OPINION & ORDER</u> |
| COMMERCIAL SERVICES LIMITED | ) | |
| PARTNERSHIP, dba SERVICEMASTER | ) | |
| CLEAN, | ) | |
| Defendant. | ) | |

Before the Court[1] is a Motion to Remand to State Court filed by Plaintiff AKC, Inc. ("Plaintiff"). ECF Dkt. #7. For the following reasons, the Court GRANTS the motion. *Id.*

## I.     **FACTUAL AND PROCEDURAL HISTORY**

On February 22, 2013, Defendant removed Plaintiff's complaint from the Summit County Court of Common Pleas to this Court based upon 28 U.S.C. § 1332. ECF Dkt. #1. In its January 23, 2013 complaint in the Summit County Court of Common Pleas, Plaintiff alleged causes against Defendant for breach of contract and deceptive trade practices and moved for a declaratory judgment and injunction against Defendant. ECF Dkt. #1-1. Plaintiff alleged that it and Defendant entered into a series of five franchise agreements effective January 11, 2008, two

---

[1] On April 8, 2013, the parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. ECF Dkt. #16.

of which included Defendant providing disaster restoration services program franchises to Plaintiff for five years to be exercised in Tuscarawas County and in Stark County, Ohio, and including the building that Plaintiff operates in Summit County, Ohio.  *Id*. at 2.

Plaintiff alleged that Defendant initiated procedures in the latter part of their contract term that required Plaintiff to provide Defendant with all of its customers' e-mail contacts and Defendant terminated the franchise contracts with Plaintiff and invoked the covenant not to compete term of the contracts when Plaintiff failed to provide all of its customers' e-mail contacts.  ECF Dkt. #1-1 at 3.  Plaintiff further alleged that Defendant made false and misleading representations when it stated in its contracts that its franchise system was of a "high and uniform standard of quality" because during the latter part of the contracts with Plaintiff, Defendant referred fewer and fewer customers to Plaintiff and demanded new and onerous reporting requirements of Plaintiff, "mostly designed to expand Defendants' customer base at Plaintiff's expense."  *Id*.  Plaintiff averred that Defendant represented that it would provide Plaintiff with training and other assistance to use Defendant's system effectively, but then during the latter part of the contract term, moved its mandatory training from nearby locations to distant resort locations where Plaintiff's representatives were required to stay in hotels designated by Defendant.  *Id.*  Plaintiff further alleged that Defendant's local assistance representative was terminated during the latter part of the parties' contracts, and replaced with a regional representative who provided no assistance.  *Id*.

Plaintiff averred that Defendant's false and misleading representations resulted in Defendant's breach of the contracts and Defendant's actions demonstrated bad faith and unclean hands.  ECF Dkt. #1-1 at 3.  In its first count of the complaint, Plaintiff asserted that it was

entitled to a declaratory judgment that Defendant is barred from enforcing any non-compete covenants in the contracts. ECF Dkt. #1-1 at 3-4. Plaintiff further alleged that due to Defendant's breach of contract and misrepresentations, it had to re-brand its business and lost business opportunities in an amount over $25,000.00. *Id*. at 4.

In the second count of its complaint, Plaintiff alleged that Defendant's misrepresentations were deceptive trade practices under Ohio Revised Code § 4165.02(A)(7) and resulted in it having to re-brand its business and losing business opportunities in an amount in excess of $25,000.00. ECF Dkt. #1-1 at 4. Plaintiff also requested injunctive relief pursuant to Ohio Revised Code § 4165.03 preventing Defendant from enforcing the covenants not to compete and requesting reasonable attorney fees. *Id*.

In conclusion, Plaintiff requested the following forms of relief:

> A. On Count I, a declaration that Defendants may not enjoin Plaintiff from competing against Defendant or Defendant's other franchisees;
>
> B. On Counts I and II, damages in an amount in excess of $25,000.00 to be proven at trial;
>
> C. On Count II, an injunction against Defendant prohibiting it from interfering with Plaintiff's business operations;
>
> D. Such further relief as the Court deems just;
>
> E. Interest and costs of this action.

ECF Dkt. #1-1 at 4.

On March 1, 2013, Defendant filed a motion to transfer venue, requesting that this Court transfer venue of the case to the United States District Court for the Western District of Tennessee based upon the forum selection clauses of the franchise agreements between the parties. ECF Dkt. #5. On the same date, Defendant also filed a motion to dismiss the case and

compel arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. §1, et seq. as provided for in the contracts between the parties. ECF Dkt. #6.

On March 18, 2013, Plaintiff filed the instant motion to remand this case to state court, asserting that the amount of controversy is less than $75,000.00 and the requirements of diversity jurisdiction are therefore not met. ECF Dkt. #7. Plaintiff thereafter filed a motion with the Court requesting that the Court extend its time to file a response to Defendant's motions to transfer and dismiss until after this Court ruled upon the instant motion to remand to state court. ECF Dkt. #8. This Court granted Plaintiff's motion for an extension.

On April 4, 2013, Defendant filed a response in opposition to Plaintiff's motion to remand to state court. ECF Dkt. #15. On April 15, 2013, Plaintiff filed a reply brief. ECF Dtk. #19. On April 22, 2013, with Court permission, Plaintiff filed a surreply. ECF Dkt. #21.

## II. LAW AND ANALYSIS

Section 1332 of Title 28 provides that federal courts have original jurisdiction when there exists a controversy between citizens of different states and "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs." 28 U.S.C. § 1332; *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006). The amount in controversy is determined at the time of the filing of the lawsuit and cannot be divested by subsequent actions that may reduce the claim below the threshold. *Klepper v. First American Bank*, 916 F.2d 337, 340 (6th Cir. 1990); *Worthams v. Atlanta Ins. Co.*, 533 F.2d 994, 997 (6th Cir. 1976). Moreover, "the amount alleged in the complaint will suffice unless it appears to a legal certainty that the plaintiff in good faith cannot claim the jurisdictional amount." *Klepper*, 916 F.2d at 340, citing *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 288-89, 58 S.Ct. 586, 590, 82

L.Ed. 845 (1938).

In its motion to remand this case to state court, Plaintiff states that it "will not seek damages in excess of $75,000.00 and will stipulate to that limitation." ECF Dkt. #7 at 2. Plaintiff informs the Court that prior to Defendant's filing of the notice of removal, counsel for Defendant sent Plaintiff's counsel an e-mail with an attached stipulated entry already signed by defense counsel which stated that the parties stipulated through counsel that the amount in controversy is less than $75,000.00 and that under no circumstances would Plaintiff "seek or attempt to claim damages in excess of $75,000, exclusive of interest and costs." ECF Dkt. #7-2 at 1. Plaintiff explains in its motion to remand that its counsel did not sign the entry immediately because he was waiting for defense counsel to be admitted pro hac vice to this Court. ECF Dkt. #7 at 2. Plaintiff indicates that before its counsel signed the stipulated entry, Defendant filed its notice of removal. *Id*. Plaintiff reiterates in its motion to remand that it will stipulate that "its money damages claim is less than $75,000.00." *Id*. Plaintiff attaches to its reply brief a copy of a declaration by Plaintiff's attorney that indicates that "Plaintiff AKC, Inc. will stipulate that its total damages in the above captioned case are less than $75,000.00." ECF Dkt. #19-1.

Defendant opposes Plaintiff's motion to remand to state court, arguing that Plaintiff has not and cannot show that the amount in controversy in the instant case is less than $75,000.00. ECF Dkt. #15 at 1. Defendant explains in its response that its counsel initially sought a stipulation that Plaintiff would not seek damages in excess of $75,000.00 after receiving a copy of Plaintiff's complaint, but Plaintiff never signed the stipulation. *Id.* at 2-3. Defendant contends that it can show by a preponderance of the evidence that the amount in controversy more likely than not exceeds $75,000.00 based upon Plaintiff's request for a declaratory

- 5 -

judgment regarding the enforceability of the noncompete provisions in the five franchise agreements between the parties. *Id*. at 3. Defendant asserts that the amount in controversy for diversity jurisdiction purposes is measured by the value of the business "at risk" depending upon the Court's ruling on Plaintiff's requested relief and the economic value of the enforceability of those noncompete agreements exceeds $75,000.00. *Id*., citing *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977) and *Everett,* 460 F.3d at 829.

In its reply, Plaintiff contends that the Court should remand this case to the state court because it stipulated in the motion to remand that the amount in controversy is less than $75,000.00 and its counsel even set forth in a damage demand filed with the Court that its re-branding expenses were $29,400.00 and its lost profits were $5,000.00, thus resulting in a total amount of damages of $34,400.00. ECF Dkt. #19, 19-2 at 1. Plaintiff also points out that Defendant has not counterclaimed for any damages and makes speculative assertions regarding the value of the business "at risk" if the noncompete provisions are declared unenforceable or enforceable. *Id.* at 2. Plaintiff contends that such conclusory statements are insufficient to establish the amount in controversy. *Id*.

In its surreply, Defendant addresses Plaintiff's damages demand and asserts that because Plaintiff admits that its damages are limited to $34,400.00, Defendant need only prove that the value of Plaintiff's declaratory judgment claim is over $40,600.00 in order to meet the amount in controversy requirement. ECF Dkt. #21 at 1. Defendant cites caselaw supporting its position that in declaratory judgment actions, the amount in controversy is determined "from the perspective of the Plaintiff, with a focus on the economic value of the rights he seeks to protect." *Id*., quoting *Buckeye Recyclers v. Chep USA*, 228 F.Supp.2d 818, 821 (S.D. Ohio 2002), citing

*McIntire v. Ford Motor Co.*, 142 F.Supp.2d 911, 922 (S.D. Ohio 2001) and *Goldsmith v. Sutherland*, 426 F.2d 1395, 1398 (6th Cir. 1970).  Defendant sets forth the facts that AKC reported over $13,900,000.00 in sales revenue as a ServiceMaster franchisee over the last ten years and reported $977,679,000.00 in sales revenue in 2011, which shows that the value of the rights that Plaintiff is attempting to protect averages approximately $1 million per year.  ECF Dkt. #21 at 3.

The Court GRANTS Plaintiff's motion to remand this case to state court.  ECF Dkt. #7. While a defendant may remove any civil case filed in state court to federal court if the case could have originally been brought in federal court, the defendant bears the burden of showing that removal is proper.  28 U.S.C. § 1441(a); *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000).  Moreover, in cases removed to federal court based upon diversity jurisdiction, where a plaintiff does not plead a specific amount in controversy, as in this case, the party removing the case must show, by a preponderance of the evidence, that the plaintiff's claims at the time of removal satisfy the jurisdictional amount.  *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001).

Plaintiff asserts that Defendant cannot meet its burden of establishing that the amount in controversy exceeds $75,000.00 because of the stipulation and declaration that it filed stating that its damages are less than $75,000.00 and it will not seek damages in excess of $75,000.00. ECF Dkt. #19.  The Court notes that Plaintiff filed this stipulation and declaration after Defendant removed the case to this Court.  Usually, "events occurring after an action is removed which reduce the amount recoverable below the statutory limit do not oust the district court's jurisdiction."  *St. Paul Mercury Indem. Co. v. Red Cab. Co.*, 303 U.S. 283, 289, 58 S.Ct. 586, 82

L.Ed. 845 (1938).  However, courts in this Circuit have held that remand to state court is required when such a stipulation "provide[s] for the *first* time the upper limit on the damage amount claimed by the plaintiff," and  does not modify the amount in controversy or change ... [the] information upon which the defendant relied in removing the action, *Patterson v. Chipotle Mexican Grill, Inc.,* 2012 WL 6733085, at *2 (N.D. Ohio, Dec. 28, 2012), citing *Welch v. Progressive Ins. Co.*, 2007 WL 1695431, at *3 (E.D. Ky., June 8, 2007), unpublished (citing *Cole v. Great Atl. & Pac. Tea Co.*, 728 F.Supp. 1305, 1308 (E.D.Ky.1990) (emphasis added)). *See also Captain v. Wal–Mart Stores East, Inc.*, No. 10–501–HJW–JGW, 2010 WL 4875702, *1 (S.D.Ohio Oct.7, 2010) (collecting cases)*; Weiland v. Chipotle Mexican Grill, Inc.*, No. 1:11CV2408, ECF # 10 (N.D.Ohio Dec. 8, 2011); compare *Hayes v. Equitable Energy Res*. Co., 266 F.3d 560, 573 (6th Cir.2001) (court affirmed denial of remand where plaintiff "expressly refused to stipulate to a damages amount falling under the amount in controversy requirement.").

Here, as in *Patterson, Welch,* and *Captain*, Plaintiff did not set forth a clear amount of damages in its complaint.  Rather, Plaintiff asserted that it suffered damages in "an amount in excess of $25,000.00."  ECF Dkt. #1-1 at 4.  And while Defendant speculates about the value of the business "at risk" if the noncompete agreements are declared unenforceable, Defendant's counsel had sent to Plaintiff a signed stipulated entry based upon the amount in controversy amounting to less than $75,000.00 prior to removal.  ECF Dkt. #7-2 at 1.  While the document was not filed because Defendant removed the action before Plaintiff's attorney signed it on behalf of Plaintiff, Plaintiff indicated in its motion to remand that its counsel was willing to sign that stipulated entry but was waiting for defense counsel to be admitted pro hac vice before doing so when Defendant proceeded to remove the action to this Court without waiting for the stipulation.  Moreover, Plaintiff has filed both a stipulation and declaration that its damages are

less than $75,000.00 and it will not seek damages in excess of $75,000.00.  ECF Dkt. #7 at 2-3.  Due to the speculative nature of damages asserted by Defendant, Plaintiff's signed declaration and stipulation of the amount in controversy amounting to less than $75,000.00, as well as Defendant's willingness to stipulate to the amount in controversy not exceeding $75,000.00 prior to removal, the Court finds that remand is appropriate in this case.

In addition, as in *Patterson* and *Welch*, Plaintiff's stipulation binds it "to a recovery of no more than this figure in state court."  *Patterson*, 2012 WL 6733085, at *2; *Welch,* 2007 WL 1695431, at *3, citing *Sanford & Adapt Inc. v. Gardenour*, 225 F.3d 659, 2000 WL 1033025, at *3 (6th Cir. July 7, 2000).  As quoted and applied in *Patterson*, "[p]ursuant to the doctrine of judicial estoppel, a litigant cannot successfully argue a position in one court and then take a contrary position in another court." 2012 WL 6733085, at *2, quoting *Cleveland Hous. Renewal Project, Inc. v. Wells Fargo Bank, N.A.*, 188 Ohio App.3d 36, 46, 934 N.E.2d 372 (Ohio Ct.App.2010). Accordingly, judicial estoppel prevents Plaintiff in this case from later asserting that its damages exceeded $75,000.00.

### III.   CONCLUSION

For the above reasons, the Court GRANTS Plaintiff's Motion to Remand and REMANDS this case to the Summit County, Ohio Court of Common Pleas.  ECF Dkt. #7.  Consequently, all other motions pending before this Court are DENIED AS MOOT and the Case Management Conference set for May 9, 2013 at 4:00 p.m. is CANCELLED.  ECF Dkt. #5, 6.  IT IS SO ORDERED.

Date: May 6, 2013                            */s/George J. Limbert*
                                                    United States Magistrate Judge